34    411
o40    227

SANDWICH MFG. CO. v. G. E. FEARY ET AL.

[FILED APRIL 7, 1892.]

1. **Sale:** WARRANTY: WAIVER OF DEFECTS.    A written warranty of a reaper contained these provisions: "If on starting a machine it should in any way prove defective, or fail to work, the purchaser shall give prompt written notice to the agent from whom

he purchased it, and allow sufficient time for a person to be sent to put it in order, and the defective part, if any, replaced, the purchaser rendering necessary and friendly assistance." *Held*, That a substantial compliance with these provisions was necessary to entitle the purchaser to rescind the contract and return the machine.

2. ———: ———: ———. That the manufacturers had acted with reasonable promptness after notice of the defect, in sending experts to adjust the machine and put it in running order, and that the refusal of the purchaser to permit them to adjust the machine and put it in order was a waiver of the defects.

ERROR to the district court for Seward county. Tried below before NORVAL, J.

*Norval Bros. & Lowley*, and *Leese & Stewart*, for plaintiff in error.

*R. P. Anderson*, and *D. C. McKillip*, contra.

MAXWELL, CH. J.

This case was before this court in 1887 and is reported in 22 Neb., 53, the judgment of the court below being reversed. On the second trial of the cause the jury found that the plaintiff had no cause of action, and a motion for a new trial having been overruled judgment was entered on the verdict. The order for the machines is as follows:

"SANDWICH HARVESTER AND APPLEBY BINDER.

" *Order for Harvesting Machines, Sandwich Mfg. Co.*

"Please send me two of Sandwich Reliance Harvester and Appleby Binders, six feet cut, including usual extras, to be shipped to Seward on or before the first day of July, care of G. Babson, Jr., at Seward, for which I agree to pay you or your agent the sum of four hundred and eighty dollars as follows: Cash, $480, when the machine has been tested and found to do good work. If all the notes given for the above machine are paid in full on or before September 1, 1883, said notes shall be subject to a discount of (if

harvester and binder combined) ten per cent.   If reaper, mower, harvester, reaping or binding attachments, five per cent from their face value, and shall draw no interest. No discount will be allowed on partial payments, until the last note is paid.   I further agree to receive said machine on arrival and pay freight and charges from Hoosick Falls, N. Y., and to give satisfactorily secured note or notes for the deferred payment.   Settlement to be made before the delivery of the above mentioned machines.

  " Postoffice address, Seward.

  "Date, June 25, 1883.

> "G. E. FEARY.
> "R. B. FEARY.
> "G. BABSON, JR., *Agt.*"

  The defendants in their answer admit the contract, but say that it was not to be binding until the machines had been fully tested and found to do good work, and that they did not do good work.   They also pleaded a warranty as follows:

  " The Sandwich harvesting machines are warranted to be well made of good material, and durable with proper care. The reaper and mower is warranted to be capable of cutting an acre of grain or grass per hour with one team. The Junior harvester and binder is warranted capable of cutting and binding in a workmanlike manner from ten to fifteen acres, and the Senior harvester and binder from twelve to eighteen acres per day, with sufficient team.   If, upon starting the machine, it should in any way prove defective or fail to work, the purchaser shall give prompt written notice to the agent from whom he purchased it, and allow sufficient time for a person to be sent to put it in order, and the defective part, if any, replaced (the purchaser rendering necessary and friendly assistance).   If it then cannot be made to work the machine shall be returned by the purchaser free of charge to the place where received, and the payment of money or note will be refunded, ending

all further responsibility on the part of either party.   Continued possession of the machine, or failure to give notice, as above, shall be deemed conclusive evidence that the machine fills the warranty.           SANDWICH MFG. CO.,

                                                    *"Sandwich, Ill.*

The testimony shows the machines were to be delivered about July 1, but that they failed to arrive until about the 7th of that month; that on the Monday following—the 9th of that month—the agent of the plaintiffs sent two men to the defendant's residence to assist in setting up the machines.   These men did not, so far as appears, claim to be experts nor to be able to remedy defects in a machine. Between 3 and 4 o'clock the defendant started the machine in a piece of barley, about fifteen acres in extent, and went three times around it.   The grain seems to have been quite green and in places quite short, and there was difficulty in adjusting the reel and causing the elevator to carry the grain in a proper manner to the binder.   Judging from the action of the parties the grain was considered too green to cut and further effort in that direction was deferred until Wednesday, the 11th inst., when the defendant cut twice around the field, but claims to have had no better success than on the preceding Monday.   He testifies, in effect, that the difficulty was the failure of the machine to elevate and bind the grain properly.   The first notice given by the defendant to the agent of the plaintiff was on Wednesday evening, the 11th inst.   This was verbal. The company at that time had in its employment an expert named James, who, during the harvest, seems to have spent his time in testing and putting machines in order. This expert was in the neighborhood of Ulysses.   The agent sought to reach James by telegraph, but being unable to do so, he, early next morning, drove to Ulysses, reaching there about 6:30 A. M.   He then found that James was at the farm of Mr. Cook, about ten miles west of Ulysses.   The agent procured a fresh team and sent to

Cook's place for James, who reached Ulysses about 11 A. M. James and G. P. Reynolds, a machine man of Ulysses, drove at once to the farm of the defendant and reached there about 1 o'clock P. M. They found that the defendant G. E. Feary had gone to Staplehurst to bring out some machinery. They followed him to Staplehurst and reached there soon after he did. They informed the defendant of the purpose of their call upon him, viz., to put the machine in order. They assured him that they could put the machine in order and make it do good work. He refused to permit them to put the machine in order or to go on his place except to take the machine away. On the 13th of that month one of the machines was hauled by the defendant near the place of business of the plaintiff's agent and left there, the agent refusing to receive it. The other seems to have been disposed of in the same manner.

Now will any one contend that the purchaser complied with the terms of the warranty that if, upon starting the machine, it should in any way prove defective or fail to work, the purchaser shall give prompt written notice to the agent from whom he purchased it, and allow sufficient time for a person to be sent to put it in order, and the defective part, if any, replaced, the purchaser rendering necessary and friendly assistance? In all these particulars the defendants wholly failed to perform on their part, yet they were conditions precedent to their right to rescind the contract and return the machines. A manufacturer is entitled to fair treatment. The fact is well known that many persons are unacquainted with machinery, and, therefore, are unable to put a machine in order or even keep it in good working order, hence many manufacturers keep experts near at hand to make repairs, correct defects, or simply put a machine together properly, so that it will perform good work. Now, presumably the machines in question were capable of doing all that was claimed for

them, and it is pretty evident that defendants so believed or they would have permitted James and Reynolds to adjust the machines. If, after such adjustment, the machine had failed to do good work the defendants would have been entirely relieved from the contract. Having failed to comply on their part they are liable for the price of the machines. A supplemental answer was filed setting forth that the plaintiff had accepted the machines so returned, and thereby ratified the return of the same. There is an entire failure of proof, however, to show any authority of the agent to receive the machines, or, indeed, any sufficient proof that any attempt to receive them had been made. Upon the testimony before us the plaintiff is entitled to judgment for the amount of its claim. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

POST J., concurs.

NORVAL, J., took no part in the above opinion.