H. C. HEFNER, Appellant, v. J. L. HAYNES, Appellee.

Sale : WARRANTY: AGREEMENT IN EVENT OF BREACH: RIGHTS OF VENDEE. The sale of a stallion under a warranty, that he is a breeder, and the agreement that if he does not give satisfaction he "may be exchanged for another of equal value," will not preclude the vendee, in the event of a breach of the warranty, from keeping the horse, and refusing to pay therefor beyond his actual value.

*Appeal from Page District Court.*—HON. A. B. THOR-NELL, Judge.

THURSDAY, JANUARY 18, 1894.

ACTION in equity by which the plaintiff demands judgment on certain promissory notes, and the fore-closure of a chattel mortgage given to secure the same. The notes were executed by the defendant to the plaintiff for the purchase money of a stallion. The defendant answered, averring a breach of warranty of the stallion, and also set up a counterclaim, and demanded judgment for money paid on the notes, and for expenses attendant upon keeping the horse. There was a hearing on the merits, and a decree dismissing the petition at the plaintiff's cost. The plaintiff appeals.—*Affirmed.*

*G. B. Jennings,* for appellant.

*W. P. Ferguson,* for appellee.

ROTHROCK, J.—The evidence shows that at the time of the purchase, and as evidence of the contract, the plaintiff delivered to the defendant an instrument partly written and partly printed, and signed by the plaintiff. The following is a copy of said instrument.

"OFFICE OF O. O. HEFNER, Importer of English Shire
Draft Horses. A choice lot of superior horses
constantly on hand, for sale at reasonable prices.
Every animal registered, and guaranteed a breeder.
Time given, if required.

"NEBRASKA CITY, NEB., December 4, 1888.

"Sold this day to J. L. Haynes one imported
horse, and, if said horse don't give satisfaction, said
horse may be exchange for another of equal value, of
anything we have on hand.

"H. C. HEFNER."

This instrument was a guaranty or warranty that
the horse was a breeder. If he was an average breeder,
the warranty would be fulfilled, and there could be no
defense to the notes for a breach of the warranty. But
the evidence shows quite satisfactorily that the horse
was not an average breeder, and that in fact he was,
for that reason, worthless as a stallion. The defendant
paid three hundred and forty dollars on the notes given
for the purchase money, and it is shown beyond ques-
tion that the money paid was more than the horse was
worth.

It is claimed by the appellant that the failure of
the horse to get colts was because of improper treat-
ment or want of attention and care by the defendant of
the horse while he was kept by the defendant for ser-
vice as a stallion. The evidence did not support this
claim.

The appellant presents the case upon the theory
that the only right the defendant had for redress, if
the stallion failed as a breeder, was to return him to
the plaintiff, and exchange him for another stallion.
We think the return of the horse was optional with
the defendant. The contract does not provide that a
return and exchange shall be made. It is a full war-
ranty, and provides, if the "horse don't give satisfac-
tion," he "may be exchanged for another of equal

value." This option to exchange does not preclude the defendant from keeping the horse in case there was a breach of the warranty, and refusing to pay more than he was worth. That is just what he did by retaining the horse, and resisting the payment of the notes in suit.

The defendant's counsel claims that the court should have rendered judgment for the defendant on his counterclaim for some two hundred and sixty dollars. It is a sufficient answer to this contention to say that the defendant did not appeal, and must, for that reason, be held to acquiesce in the decree of the district court. AFFIRMED.