THOMAS MANUFACTURING COMPANY v. GRIFFIN & MAXFIELD.

Delivered April 10, 1897.

**1. Sale of Machinery—Warranty—Agreed Test.**

When the seller of machinery warrants its quality and capacity, and the contract of sale provides that, before the purchaser shall be bound, the machinery shall be put in operation and tested, and when the test has been fairly made, and the purchaser has accepted the property and executed his notes therefor, he can not claim damages, either in offset against the notes or for breach of warranty. Following Press Co. v. McKellar, 86 Texas, 694.

**2. Charge of Court—Issue Without Evidence.**

Where there was no issue in the evidence as to whether the copy of the contract sued on was a correct copy of the original, it was misleading and prejudicial for the court to charge that the burden of proof was on plaintiff to show that such copy was correct.

**3. Verdict and Judgment Must Conform with Each Other.**

In an action on notes, where the defendant pleaded failure of consideration and breach of warranty, and the verdict found "for defendant damages to the amount of $590," without finding as to defendant's liability on the notes, the court was not warranted in deducting from said sum the amount of the notes and entering judgment against the plaintiffs for the remainder.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*McKinnon & Carlton,* for appellant.—Plaintiff's contract of warranty having been reduced to writing, and the same being a conditional warranty, and the appellees having accepted the gins and used them for a period of three months without complaint, and never having offered to return the same, and having executed their notes for the same, they can not plead a failure of consideration to the notes, setting up a defect in the machinery, without having brought themselves within the conditions of the contract. Aultman v. McKinney, 26 S. W. Rep., 270; Aultman v. York, 1 Texas Civ. App., 484; Muirhead v. Bank, 33 S. W. Rep., 552.

*Tarlton, Morrow & Wear,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by the Thomas Manufacturing Company, appellant, against Griffin & Maxfield, appellees, upon two promissory notes given by appellees in part payment for certain gin machinery. The appellees answered, acknowledging the execution of the notes, but pleaded a failure of consideration, in that the machinery was defective and of no value, and that appellant warranted

said machinery, and therefore appellees were not liable for the payment of said notes. Appellant, by supplemental petition, charged that the machinery was sold upon a conditional warranty; that the appellees had failed to comply with the conditions of said warranty, and therefore could not avail themselves of any defect in the machinery, because they had failed to give notice in the time provided for in said contract; and further pleaded, that appellees were estopped by reason of the fact that they had paid a part of the purchase price after they acknowledged defects in the machinery. Upon the trial the jury rendered a verdict finding for the appellees damages in the sum of $590, and on this verdict the court rendered judgment canceling the notes sued on, and giving a judgment in favor of appellees in the sum of $27.50 and all costs of suit. Motion for new trial was overruled, and appeal taken by appellant.

The evidence shows that the appellees ordered a gin outfit of appellant, through John W. Stevens, a salesman for S. E. Carter & Co. The price agreed upon for the machinery was $1260, which included the price of two gin stands—$600. Notes were executed for said amount, and all of them have been paid except the two notes sued upon. One of the notes was paid after it was discovered that the gin stands were not giving satisfaction.

The following conditions were embraced in the contract of sale: "Said machinery is warranted to be of good material, and to perform well if properly operated by competent persons. Upon starting, if the purchasers, by doing so at any time within ten days, are unable to make same operate well, written notice stating wherein it fails to conform to warranty is at once to be given by the purchaser to S. E. Carter & Co., at Hillsboro, Texas, and a reasonable time shall be given to said company to send a competent person to remedy the difficulty, the purchaser rendering all necessary and friendly assistance; said company reserving the right to replace any defective part or parts, if any, with the friendly assistance of the purchaser; if it can not be made to fulfill the warranty and the fault is in the machinery (and this must be determined by the person sent to remedy and inspect the machinery, and whose determination shall be conclusive and binding upon all parties), it is to be returned by the purchaser free of charge to the place where received, and then another, as soon as practicable, substituted therefor, which shall fulfill the above warranty, or the notes and money returned and this contract canceled, neither party in such case to have or make any claims against the other. Failure to make such trial or to give such notice, or use after ten days trial without such notice, shall be conclusive evidence of the fulfillment of all warranty, and that the machinery is satisfactory to the purchaser."

Across the face of said contract was written by said Stevens the following: "We guarantee for the Thomas Manufacturing Company that the Thomas Manufacturing Company gins will compete in every particular with other standard gins."

It was understood between Stevens and Griffin & Maxfield, at the time

the machinery was ordered, that the Thomas Manufacturing Company would send a man to put said machinery up and start it running, and if it proved satisfactory the trade would be made.

A. D. Thomas, a member of the firm of said manufacturing company, did, as agreed upon, put up said machinery and started it to running, which was satisfactory to said Griffin & Maxfield, and they thereupon closed the trade for said machinery by executing their notes therefor. Appellees used the machinery in ginning cotton during the season of 1892, and no complaint was made by them about said machinery. Subsequently, however, they sold the machinery to Aderhold Bros., and warranted said gin stands to do good work. About twelve months after the gin stands were sold by appellant to appellees, the Aderhold Bros. reported to J. W. Stevens that said gins would not work, and that they would have to have others, if they continued. Stevens told them to set said gins aside and he would order others for them of a different kind. He did order gin stands from another firm, which were delivered to Aderhold Bros., and Aderhold Bros. set the Thomas Manufacturing Company's gins out in the weather, from which they were ruined. J. W. Stevens never was the agent of the Thomas Manufacturing Company, nor was he representing them in this deal with Aderhold Bros., but was, as before stated, the agent of S. E. Carter & Co. Before Stevens ordered the last gins, the notes given for the first machinery had been transferred to the Thomas Manufacturing Company, of which fact Griffin & Maxfield were aware.

Over the objection of appellant's counsel, the court allowed the appellees to prove by certain witnesses that said machinery was of no value. Although a failure of consideration was pleaded, we think the court erred in admitting the testimony. The evidence showed that the terms of the contract were in writing, and by the terms of which the parties were to give notice of any defect within ten days after starting the machinery to running, which was not done. In fact, the machinery was used by Griffin & Maxfield for several months, and no complaint was made by them. Besides this, the machinery having been put up and started to running by the Thomas Manufacturing Company, the parties having expressed themselves as satisfied, and thereupon executed their notes therefor, they can not now be heard to complain of defects in the machinery, because, by the terms of the contract of warranty, the warranty had been fully complied with. "When the seller of machinery warrants its quality and capacity, and the contract provides that before the purchaser shall be bound the machinery shall be put in operation and tested, and when the test has been fairly made and the purchaser has accepted the property, he can no longer claim damages either in an action by him or by way of recoupment for the purchase money or breach of the warranty." Cotton Compress Co. McKeller, 86 Texas, 694.

It is contended by appellees that by reason of the writing of the clause by J. W. Stevens across the face of the contract that said gins would compete in every particular with other standard gins, that the other

terms of the contract do, not apply. We do not concur in this contention. The other portions of the contract were in no way modified or affected by this clause, nor, in our opinion, did it change in any manner the warranty; for by the terms of the warranty as printed the gins were to do good work, which implies that they would do as good work as other standard gins.

The appellees do not claim that there was any fraud in making the test by the Thomas Manufacturing Company, nor is there anything shown which would relieve them from the terms of the contract of warranty as made. The contract providing that the use of the machinery after ten days trial without notice of any defect "should be conclusive evidence of the fulfillment of all warranty," was binding, and Griffin & Maxfield having used the machinery for a longer time than ten days, and failing to give notice of any defect in the machinery, the contract of warranty was fully complied with, and the liability of appellants thereon ceased. Aultman & Co. v. McKinney, 26 S. W. Rep., 270; Aultman & Co. v. York, 1 Texas Civ. App., 484.

The court charged the jury, in effect, that if said gins were defectively constructed so as to render them incapable of performing the work for which they were warranted; and if after said defects were discovered verbal notice was given to J. W. Stevens of said defects, if any, and shall further believe that the said Stevens was the agent of Carter & Co., with authority to act for said Carter & Co. as their agent for the sale of said gin stands, with authority to see that the same came up to said warranty; and shall further believe that said Stevens, as such agent, if any, waived written notice as the contract required; and further believe that said Carter & Co. failed to do anything to make said stands such as contracted for, or to replace the same with other stands that would fulfill the terms of the warranty; and shall further believe that time was given said Carter & Co. to so do by defendants or their said vendees, then you will find for the defendants such sum as damages as you may believe defendants have suffered by reason of said defective stands, if defects there were, and so say.

This charge is complained of for the reason that it was not warranted by the testimony. We think the court erred in giving this charge. The only testimony on this point was, that after the gins were sold to Aderhold Bros., they notified J. W. Stevens that the gins were defective, and that said Stevens told them to set the gins aside and he would get them others. At that time Stevens was not the agent of the Thomas Manufacturing Company. While he was the agent of Carter & Co. in the transaction with Aderhold Bros, he was not acting for the Thomas Manufacturing Company, and under the circumstances he was not authorized to make any contract binding upon the Thomas Manufacturing Company, and therefore any act that he did was not a waiver of any condition embraced in the original contract.

Appellant's seventh assignment of error is: "The court erred in giving the eighth special charge asked by the defendants, because there was

no issue as to whether or not the copy of the contract introduced in evidence was a correct copy of the contract so far as the printed portions thereof were concerned; the charge telling the jury that the burden was on the plaintiff to show that the paper in evidence was a copy of the original contract was misleading and prejudicial to plaintiff." While the court's charge, as a proposition of law, is correct, yet we are inclined to think that it should not have been given under the circumstances, for there was no issue as to whether said copy was correct or not.

The eighth and ninth assignments will be considered together. The eighth is as follows: "The court erred in failing and refusing to give special charge number 1 asked by plaintiff, because said special charge was applicable to the facts of the case, and was not supplied by the main charge of the court; the effect of the charge was to tell the jury that if they should believe that the gins were sold under contract and were to be put up and tested before settlement, and after they were put up and fairly tested the defendants were satisfied and made settlement by giving their notes, that in such case plaintiff should recover. It further told them that any defects must have been reported and plaintiff given an opportunity to remedy same before it could be held on its warranty."

The ninth assignment is as follows: "The court erred in failing and refusing to give the special instruction number 3 asked by the plaintiff, because the same was applicable to the facts of the case, and was not supplied by the main charge of the court; the effect of this charge was that use of the gins after ten days' trial, without notice of defects, should be conclusive evidence of the fulfillment of plaintiff's warranty, and that such use fixed the liability of defendants to plaintiff, and that the acts and conversation of Stevens occurring after said time should have expired could not affect the rights of the parties so fixed. The facts warranted this charge and it should have been given." We think under the facts of this case that the charges refused were applicable to the case, and should have been given. Our discussion under the first proposition herein applies here.

The twelfth assignment of error is: "The court erred in rendering judgment against the plaintiff for the sum of $27.50, because the said judgment is not in accord with the verdict of the jury, which, as appears from the judgment, is as follows: 'We the jury find for the defendants damages to the amount of $590.' "

We think the court erred in this particular. The jury should have found by their verdict whether or not the plaintiff was entitled to recover on the notes sued on; and if the defendants were entitled to damages the amount should have been assessed, and the jury finding the difference, and judgment rendered accordingly. The jury not having found as to the liability for the amount of the notes, and the verdict being for so much money damages, the court was not authorized to deduct the amount of the notes therefrom. The judgment of the court should conform to the verdict of the jury, and no judgment can be

rendered except such as is authorized thereby. Filgo v. Citizens' Bank, 38 S. W. Rep., 237, and authorities there cited.

For the reasons above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*