## J. I. Case Threshing Machine Company v. E. B. Hall and Keating Implement Company.

Decided April 8, 1903.

**1.—Sale—Express Written Warranty—Parol Evidence.**

Where goods are sold with an express written warranty, this excludes the possibility of another and implied one, and parol evidence is not admissible, in the absence of fraud or mistake, to show another and different warranty.

**2.—Same—Retaining Property.**

By express agreement the parties may make a contract of warranty conclusive, as where it provides that a retention of the property without complaint, or a failure to give the stipulated notice of defects to the seller shall be deemed conclusive evidence that the warranty is satisfied.

**3.—Same—Waiver.**

That the seller of a machine, upon verbal notice that it did not work properly, sent a man to remedy the defects, was not a waiver of or excuse for the failure of the purchaser to perform the conditions of the warranty.

**4.—Same—Note for Price—Notice of Defects.**

One who acquires, after its maturity, a note given for the purchase price of a machine, and who knows of a breach of warranty in the contract for the sale of the machine, takes it subject to any defense that would have been available in a suit brought on it by the original payee.

Appeal from the County Court of Dallas. Tried below before Hon. Ed S. Lauderdale.

*McCormick & Spence* and *Ed M. Browder,* for appellant.

*Miller & Fouraker,* for appellees.

NEILL, Associate Justice.—For convenience the appellant company will hereinafter be called the "Case Company," and the appellee company the "Keating Company."

This suit was brought in the Justice Court by the Keating Company against E. B. Hall upon a promissory note made by the latter to the Case Company for $150, and to foreclose a chattel mortgage given by Hall on a certain "self-feeder" to secure the payment of the note.

Hall answered by pleading a total failure of consideration, alleging that the note was given for the purchase money of a "self-feeder" for a threshing machine; that he purchased the feeder from the Keating Company, as the agent of the Case Company; that the last named company, by its agent, the Keating Company, warranted the machine to do the work of a self-feeder as well as any made in the United States; but that the machine failed to work that way, and was wholly without value and of no benefit to him. That he had paid $75 on the note, which was credited thereon, and that when the machine was delivered to him he paid $7.06 freight thereon. He made the Case Company a party to the suit, alleging a breach of its warranty of the machine, and prayed judgment against it by reason thereof for the sums of $75 and $7.06, with

interest thereon, and in the event of a recovery by the plaintiff against him, that he have judgment against the Case Company for the full sum of $157.06, with interest, etc.

The Case Company, after answering by a general denial, plead that Hall purchased the machine under a written contract which fully set forth the only warranty given with the machine, which provided that if the feeder failed to operate in accordance with the warranty, Hall should give certain notices therein set forth, but that Hall kept and used the machine without giving such notices of its failure to operate as is required by the terms of said contract, and that thereby his liability became fixed and concluded him from recovering on the alleged breach of warranty. It also plead that Hall was estopped from setting up the alleged failure of consideration of the note, for that after he knew of the alleged defects in the machine, if any there were, he paid the sum of $75 on the notes, and obtained from appellant an agreement extending the time of payment of the balance owing until August, 1900.

From a judgment in favor of Hall in the Justice Court the other two parties appealed to the County Court, where the cause was tried before a jury, and the trial resulted in a judgment in favor of the Keating Company against Hall for the sum of $109.05, with interest and costs, together with a foreclosure of the chattel mortgage on the feeder, and in favor of Hall over against the Case Company for the sum of $157, with interest and costs. From this judgment the last named company has appealed.

*Conclusions of Fact.*—These facts are undisputed, and are established by the uncontradicted testimony: On June 7, 1899, E. B. Hall executed and delivered to appellant the note sued on, which is as follows:

"$150.00.    Duncanville, Texas, June 7, 1899.—On or before the 1st day of September, 1899, fixed, I, we, or either of us, promise to pay to J. I. Case Threshing Machine Company, or bearer, one hundred fifty & 00-100 dollars, at City National Bank, Dallas, Texas, for value received, with 8 per cent interest from date if paid at maturity, and 10 per cent interest after maturity, and if not paid when due, then to become payable at Dallas, Texas, with 10 per cent attorney's fees if sued.    E. B. Hall."    (Seal.).

This note was given for the purchase money of a self-feeder to a threshing machine, upon which a chattel mortgage was made by Hall at the same time to secure its payment. Hall, who resides in Dallas County, purchased the feeder from the Case Company, a Wisconsin corporation, with its habitat at Racine, through its agent, the Keating Company, which carried on its business in Dallas, Texas. At the time Hall bought the machine, May 17, 1899, he executed a written contract order to J. I. Case Threshing Machine Company therefor, and the contract was accepted and filled by the Keating Company, acting as agent for the Case Company. This contract contains the following warranty of the seller and agreement between the parties in regard to it, viz:

"Said machinery is warranted to be of good material, to perform well, if properly operated by competent persons, and the printed rules and directions of the manufacturers are intelligently followed. Upon starting, if the purchasers, by so doing, at any time within ten days, are unable to make same operate well, written notice stating wherein it fails to conform to the warranty, is at once to be given by the purchasers to J. I. Case Threshing Machine Company at Racine, Wisconsin, and also to the agent of whom purchased, and reasonable time shall be given said company to send a competent person to remedy the difficulty, the purchaser rendering all necessary and friendly assistance; the company reserving the right to replace any defective part or parts, if any, and if with the friendly assistance of the purchaser, it can not be made to fulfill the warranty, and the fault is in the machine (and that to be determined by the person sent to remedy and inspect the machine and whose determination shall be conclusive and binding upon all parties), it is to be returned by the purchaser, free of charge, to the place where received, which shall fulfill the above warranty, or the notes and money returned and this contract canceled; neither party in such case to have or make any claim against the other. Failure to make such trial or give such notice or use after ten days, without such notice, shall be conclusive evidence of the fulfillment of all warranty, and that the machinery is satisfactory to the purchaser. If the company shall, at the request of the purchaser, render assistance of any kind in operating said machinery or any part thereof, or in remedying any defect, if any, either before or after said ten days' trial, said assistance shall in no case be deemed a waiver of or excuse for any failure of the purchaser to fully keep and perform the conditions of the warranty." This was the only warranty given by the appellant. After the feeder was delivered Hall tried to use it, and not being able to get it to work well, he verbally reported the fact to Mr. Keating, of the Keating Company, who sent Mr. McCord, an agent of appellant, to Hall's farm, who put the feeder on the thresher and started it to running. It ran well while McCord was with the machine, which was only a short time, and Hall gave him a written statement to the effect that the feeder was running all right. Hall continued to use and run the feeder the balance of the threshing season of 1899, using it nine or ten days after McCord put it in operation, and made no complaint either to the Keating Company or the Case Company in regard to it. Hall never gave to either of the companies any written notice of the alleged defects in the feeder. Hall paid the $75 credited on the note to the Keating Company, on September 30, 1899, after its maturity, and made an agreement with the company to extend payment of the balance till August 1, 1900. On October 1, 1899, in a settlement between the Case Company and the Keating Company, the note was for value assigned by the former to the latter.

*Conclusions of Law.*—Under these undisputed facts, the court erred

in not peremptorily instructing, at the request of appellant, a verdict in its favor. Hall can not evade his liability on the written contract by proof of an oral agreement made prior to or contemporaneous with its execution. The rule is well settled that where the parties have reduced to writing what appears upon its face to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident or mistake, be conclusively presumed that the writing contains the whole agreement between the parties, and parol evidence of prior or contemporaneous or subsequent conversations, representations or statements, will not be received for the purpose of adding to or varying the written instrument.

Therefore a written warranty excludes proof of a parol one, and, as a general rule, an express warranty excludes the possibility of another and implied one respecting the same subject matter. Where parties have expressly agreed upon a warranty, the law must, in the absence of fraud or mistake, conclusively presume that they have included in their express agreement whatever of warranty is to prevail between them respecting the matter to which it refers. Case Plow Works v. Niles, 90 Wis., 590, 63 N. W. Rep., 1013; Bucy v. Pitts Agriculture Works, 89 Iowa, 464, 56 N. W. Rep., 541; Cosgrove v. Bennett, 32 Minn., 371, 20 N. W. Rep., 359.

While the acceptance and retention of the goods are not necessarily conclusive against the buyer's right to rely upon the warranty, parties may by express terms agree if the article do not conform to the warranty it may be returned and another substituted in its place. Hefner v. Haynes, 57 N. W. Rep., 421; Davis v. Iverson, 58 N. W. Rep., 796; Sandwich Mfg. Co. v. Feary, 51 N. W. Rep., 1026; Champion Machine Co. v. Mann, 22 Pac. Rep., 417; McCormick Harvest Co. v. Brower, 88 Iowa, 607, 55 N. W. Rep., 537. By express terms the parties may make the agreement conclusive, as when the contract provides that a retention of the property without complaint or a failure to give the stipulated notice of defects to the seller, unless waived, be deemed conclusive evidence, that the warranty is satisfied. Thomas Gin Co. v. Griffin, 16 Texas Civ. App., 188, 40 S. W. Rep., 755; Aultman v. McKinney, 26 S. W. Rep., 269; Equitable Co. v. Stevens, 60 S. W. Rep., 350; Kingman v. Watson, 73 N. W. Rep., 438; Minn. Threshing Co. v. Lincoln, 61 N. W. Rep., 145; Beasley v. Huyett & Smith Mfg. Co., 18 S. E. Rep., 420.

In this case there was no fraud or mistake in the written contract plead or proved by Mr. Hall. Under the very terms of the contract the sending of Mr. McCord, at Hall's request, to render assistance in operating the machinery or to remedy the defect in it, could not "be deemed a waiver of or excuse for any failure of the purchaser to fully keep and perform the conditions of the warranty."

For these reasons we have concluded that under the undisputed facts no liability upon its warranty was shown against the appellant, and that the court should have peremptorily instructed a verdict in its

favor. It is patent that if Hall is liable to the Keating Company on the note, there can be no liability in favor of Hall against appellant for a breach of warranty, for the Keating Company knew of such breach, if there was any, when the note was assigned, and took it subject to any defense that could have been to a suit brought on it by the original payee. How the jury could find in favor of one company and against the other, we can not understand. It may be that the verdict serves to show the way the wind blows.

The judgment in favor of the Keating Company against Hall is affirmed. The judgment in favor of Hall against the Case Company is reversed and judgment is here rendered for said company.

The costs of this appeal, as well as all costs incurred in the Justice and County Court, will be taxed against the appellee, E. B. Hall.

*Reversed and rendered.*