PHILLIP–CAREY CO. v. MANES.
(No. 5423.)

(Court of Civil Appeals of Texas. Austin. Jan. 20, 1915. On Rehearing April 7, 1915. Further Rehearing Denied May 26, 1915.)

1. EVIDENCE ⬦441—PAROL EVIDENCE VARYING CONTRACT—LETTER.

In an action to recover the price paid for a roof put on by defendant in accordance with a written contract, because of the breach of a warranty, a letter written by defendant which accompanied the contract, and which contained additional statements in the nature of warranties, is inadmissible, since, if it had any effect, it varied the terms of the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. ⬦441.]

On Motion for Rehearing

2. TRIAL ⬦255—SUBMISSION OF ISSUES TO JURY—NECESSITY OF REQUEST.

In an action to recover the amount paid for a roof put on by defendant in accordance with a written contract warranting it for 10 years, the failure to submit the issue as to the value of the roof as constructed does not require a reversal of a judgment for plaintiff, where defendant made no request for such submission, and the court, in substance, found that the roof was valueless at the time the action was brought, and that the value of the use thereof did not exceed the interest on the purchase price.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. ⬦255.]

3. APPEAL AND ERROR ⬦1052 — HARMLESS ERROR—ADMISSION OF EVIDENCE—CURE BY SPECIAL VERDICT.

Error, in admitting in evidence, in an action for breach of warranty, a letter which accompanied the written contract is harmless, where the findings of the jury, aside from those based on that evidence, were sufficient to sustain the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. ⬦1052.]

4. SALES ⬦440 — REMEDIES OF BUYER — BREACH OF WARRANTY—RECOVERY OF PURCHASE PRICE—EVIDENCE.

In an action to recover the price of a roof put on in accordance with the contract warranting it for 10 years if painted with a certain paint at times directed by the defendant, evidence that defendant's salesmen vainly attempted to sell some paint to plaintiff is immaterial, where there was no showing that the salesmen requested him to paint the roof, or that they had any authority to make such request.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. ⬦440.]

5. TRIAL ⬦260—SUBMISSION OF SPECIAL ISSUES—ISSUES COVERED BY COURT'S CHARGE.

It is not error for the court to refuse to submit special issues, which were sufficiently submitted in the court's charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⬦260.]

6. SALES ⬦446 — ACTION FOR BREACH OF WARRANTY—SUBMISSION OF SPECIAL ISSUES —INCORRECT ISSUES.

In an action for the price of a roof put on by defendant five years before, in accordance with a written contract warranting it for 10 years, at the end of which time the roof should be perfectly water tight, it was not error to refuse to submit issues requested by defend-

---

ant as to whether the roof could have been then repaired and made water tight, so as to last for several years.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1309–1317; Dec. Dig. ☞446.]

Appeal from Coleman County Court; F. M. Bowen, Judge.

Action by O. B. Manes against the Phillip-Carey Company. Judgment for the plaintiff, and defendant appeals. On rehearing, former opinion set aside and judgment of the trial court affirmed.

J. A. B. Miller and Woodward & Baker, all of Coleman, for appellant. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

JENKINS, J. Appellant and appellee entered into the following contract:

"Dr. O. B. Manes, Coleman, Texas—Dear Sir: We herewith offer to apply our Carey roofing on your buildings in course of erection in Coleman, figured on a basis of 135 squares for the sum of $685.00. We further agree to guarantee this roofing as applied by us for a period of ten years from date of application, against all imperfections of workmanship and material, provided you paint, or cause the roofing to be painted with our magnesia paint, four times during the term of this guarantee.

"We furthermore agree that the price of this paint shall not exceed 45¢ per gallon, f. o. b. Dallas, Texas. These four paintings to be at such intervals, as will, in our judgment, best subserve the interest of the roofing. We furthermore agree to turn over to you at the end of ten years' guarantee, a perfectly water-tight roof. We furthermore agree upon due notice in writing to correct any defect for which we are responsible within a reasonable time after such notice.

"The above price includes guttering and down spouts.
    "Yours very truly,
        "The Phillip-Carey Mfg. Co.,
"W. J. Meyersick, Manager, Dallas Branch.
    "Accepted. O. B. Manes.
    "Dated Oct. 15, 1906."

Said contract was sent to appellee in an envelope with a letter giving reasons why appellant's paint should be used instead of any other good paint, as had been suggested by appellee. After the roof had been used by appellee for about five years he brought this suit to recover the price paid for the same, together with amounts paid for repairing and painting, alleging that the value of the roof did not exceed the interest on the money paid by appellee, which he did not seek to recover. The case was submitted to a jury on special issues. Upon their findings that appellee paid appellant $685 for the roof, $100 for repairs, and $120 for painting same, that the material used in said roof was not such as was called for in the contract, and that the same was rotten and worthless when taken off, judgment was rendered for appellee for $905.

By proper bills of exception, motion for new trial, and assignments of error, appellant submits the proposition that the court erred in not submitting to the jury the ques-

tion of the value of the roof as the same was constructed, and in refusing to submit this issue as requested by the appellant. We sustain the assignments of error presenting this issue. If the roof was not as guaranteed, but was not wholly worthless, appellee's measure of damages was the difference between the value of same as constructed and the price that appellee paid for the same, with interest thereon to date of trial. If the roof was worthless, appellee was entitled to recover back the purchase price, together with any amount expended by him in attempting to repair and maintain said roof, which appeared to be reasonably necessary for such purpose, and which was so expended before he discovered that the same could not be made of value by repairing or painting same. The judge, in an explanation to a bill of exceptions as to his refusal to submit to the jury the issue of the value of the roof when constructed, said that he did not consider that such value exceeded the interest on the money paid by appellee for the roof. He may have been correct in his opinion on this matter, but this was a disputed issue of fact for the jury, and not the court, to pass upon.

[1] We think the court erred also in admitting the letter above referred to, to be read in evidence to the jury. The character of the roof guaranteed by appellant is stated in the written contract. The effect of the letter, if given any consideration, was to vary the terms of the written contract.

For the reasons stated, the judgment of the trial court is reversed and this cause is remanded for a new trial.

Reversed and remanded.

### On Motion for Rehearing.

[2] Upon a former day we reversed and remanded this case on account of the failure of the court to submit to the jury the question of the value of the roof when the same was constructed. We were then under the impression that appellant requested the submission of this issue, and excepted to the failure of the court to submit it. Appellant's bills of exception and assignments of error are full of references to the proposition that the correct measure of damages is the difference between the value of the roof agreed to be put on and the value of the roof which was put on at the time the same was constructed; but appellee has called our attention to the fact that, notwithstanding the frequent references to this issue, the appellant did not, in fact, request the court to submit such issue.

Appellee did not allege that the roof was entirely worthless when constructed, but that it was comparatively worthless, and that it became utterly worthless in the course of four or five years, when the same was torn off, and that the value of the use of the roof did not exceed the interest on the money paid

therefor. While this issue was not submitted to the jury, and no request was made that it should be, it would be presumed that the court found upon such issue in favor of appellee; but this case does not rest upon such assumption, for the reason that the court, in qualifying the bills of exception to its refusal to peremptorily instruct the jury to return a verdict for the defendant, stated the allegations of the plaintiff as above set out, and in substance that he found the same to be true; that is to say, that he found that the use of the roof did not exceed in value the interest on the money. Such being the state of the record, we were in error in reversing this case on the ground that the issue as to the value of the roof at the time it was constructed was not submitted to the jury.

[3] We stated in our former opinion that the court erred in admitting the letter from appellant to appellee to be read in evidence. We are still of this opinion, but this does not demand a reversal of this case. The letter added to the contract two items only, one was that the roof would be as good at the end of 10 years as when it was put on, and the other was that it would probably be a good roof for 30 years. Both of these issues were submitted to the jury, and found in favor of appellee. These findings, however, are rendered immaterial in that the other findings sustain the judgment rendered. Such other findings are: (1) That appellee paid appellant $685 for putting on said roof; (2) on January 17, 1907; (3) that the material used in said roof was worthless when taken off; (4) that the material was not of the kind required by the contract; (5) that it would not have been a water-tight roof at the end of 10 years had it been painted as specified in the contract; (6) that appellee paid appellant for paint $70; (7) for putting same on roof $50; (8) that the reasonable amount expended by appellee in repairing the roof was $100; (11) the appellant never requested the appellee to paint the roof, except in September, 1909; (12) appellee complied with such request in February, 1910; (13) appellee notified appellant in writing of the defects in the roof, and requested that it remedy the same; (14) appellant failed to comply with such request; (15) the roof at the time it was torn off could not have been repaired so as to make it a water-tight roof; and (16) (at request of appellant) it could not have been repaired at a reasonable cost and made a practically good, water-tight roof.

[4] Appellant requested the court to submit to the jury whether or not the salesmen of appellant at certain times called on appellee for the purpose of selling him magnesia paint with which to paint the roof, and that appellee refused to purchase the same. These issues were not material. These agents were traveling salesmen for the sale of said paint, and did not request appellee to paint the roof, and do not appear to have had any authority from appellant to make such request.

[5, 6] Appellant's requested issue No. 3 was as to whether the roof at the date of filing this suit could have bene repaired at a cost of about $100 and made a water-tight roof, which would have lasted from date of such repair for several years. Appellant's requested issue No. 7 was as to whether the roof could have been repaired at a reasonable cost when torn off, so as to make the same a water-tight roof. The court did not err in refusing to submit these issues to the jury for the reason: (a) They were sufficiently submitted in the court's charge; (b) under the contract appellant was required to construct a roof which would be water tight, not when repaired several years after it was put on, but at the end of 10 years. This the jury found it did not do.

For the reasons stated, the motion for rehearing is granted, our former judgment reversing and remanding this case is set aside, and the judgment of the trial court is affirmed.