## UNIQUE ILLUSTRATING CO. v. WITHERS et al. (No. 3298.)

Court of Civil Appeals of Texas. Amarillo. Oct. 30, 1929.

Palmer & Lambdin, of Amarillo, for appellant.

Cleo G. Clayton, of Amarillo, for appellees.

JACKSON, J. This suit was instituted in the county court of Potter county, Texas, by the Unique Illustrating Company, a corporation, plaintiff, against the defendants G. H. and J. T. Withers, the individual members composing the partnership firm of Withers Plumbing Company, to recover the balance of $479.26, with interest thereon. Plaintiff alleges:

That on March 11, 1926, it entered into a written contract with the defendants, the part of which necessary to a disposition of this appeal is as follows:

"It is agreed that the Unique Illustrating Company will not be responsible for any provisions not embraced in writing herein and that this contract cannot be canceled without the written consent of the company. Unique Illustrating Company, Tribune Building, New York.

"You are hereby authorized to furnish the undersigned six single column cut and reading matter weekly for our exclusive use in advertising the plumbing business in the city of Amarillo, state of Texas, only, for a term not less than one year from commencement of service and thereafter until notified in writing to discontinue same, for which we agree to pay to your order at New York, the sum of $1.50 and postage for each cut. Payments to be made at the end of each calendar month."

That pursuant to said order the plaintiff furnished to the defendants, beginning on the 15th day of March, A. D. 1926, and weekly thereafter up to and including March 12, 1927, six cuts, reading matter, and postage. That in said order the defendants promised and agreed to pay plaintiff the sums of money therein specified. That plaintiffs have, in all respects, carried out the terms of said contract and furnished the defendants said cuts, reading matter, and postage in compliance with said contract, by reason of which the defendants are liable to the plaintiff for the balance of $479.26, with interest thereon. That same is past due and unpaid, and the defendants have failed and refused to pay the same, or any part thereof.

The defendants answered by general demurrer, special exception, general denial, and admitted the execution of the written contract sued on by plaintiff, but specially alleged: That the written order sued on is not the whole of the contract made between plaintiff and defendants. That as a part of the contract it was agreed that the defendants should have the right to select the cuts and reading matter to be furnished, and plaintiff agreed that it would send the defendants proofs of cuts and reading matter from which to make their selection, before shipping to the defendants the cuts and reading matter to be used as advertising. That in violation of said agreement the plaintiff, immediately upon receipt of the contract, sent the defendants certain cuts which it had selected, and which were not satisfactory to the defendants, and were out of season and not suitable to be used at that time of year, and failed to furnish the defendants with proofs of cuts or reading matter from which they could select such cuts and reading matter as they desired. That plaintiff failed and refused to furnish the defendants with proofs of cuts and reading matter, but continued to send cuts and reading matter selected by it for about four months, at which time the defendants received a small number of proofs of cuts, but they were not suitable from which to select cuts and reading matter for summer time advertising. That the cuts sent were not accompanied by reading matter and were without value to the defendants. That plaintiff, by its failure to furnish the defendants with proofs of cuts or proofs of reading matter from which to make their selection, and by its failure to furnish reading matter to be used in connection with said cuts, and by its failure to ship six cuts each week, breached its contract and failed and refused to carry out and perform the same, and defendants are not liable for any sum of money by reason of said contract.

By supplemental petition the plaintiff excepted to that portion of defendant's answer setting up an agreement to the effect that as a part of the contract it was agreed that proofs of cuts and reading matter would be forwarded, from which defendants could select the advertising matter desired, before the cuts and reading matter was furnished for publication, because the written contract was complete, and such allegations were an attempt to add to and vary the terms of the written contract without pleading fraud, accident, or mistake.

The plaintiff also alleged that on March 15th it forwarded to the defendants 200 proof slips from which they were to make selections, and advised defendants that, until they had made their selections and informed plaintiff thereof, plaintiff would select and forward the cuts and reading matter to the defendants in order to comply with their contract; that the defendants failed to make selections and are in no position to complain.

In response to special issues submitted by the court, the jury found, in substance, that the plaintiff failed to furnish reading matter to go with the cuts, failed to furnish the defendants with proofs of cuts and reading matter from which to make selections before shipping cuts to the defendants, and that the defendants did not agree to accept cuts selected by the plaintiff. On these findings the court rendered judgment that plaintiff take nothing by its suit, and the defendants go hence without day, with their costs, from which judgment this appeal is prosecuted.

■ Appellant assigns as error the action of the trial court in excluding, on the objection of the defendants that it was hearsay, the testimony of Edward H. Fritz, the general manager of the appellant, to the effect that shipments were made to the defendants for a period of not less than one year; that the first shipment, containing six single column cuts and reading matter, was made on March 15, 1926, and a like shipment each and every week thereafter up to and including the shipment of March 12, 1927, was mailed to the Withers Plumbing Company.

The shipping clerk of the appellant testified that he personally made the shipments, but there is nothing in the record to show that the general manager, Edward H. Fritz, did not know of his own knowledge that the shipments were made. Appellees pleaded and offered testimony tending to show that the cuts were not shipped as per contract, and that reading matter was not furnished with the cuts. This was a controverted issue, found by the jury against the appellant, and the court should have admitted said testimony of the witness Edward H. Fritz.

■ The appellant challenges as error the action of the trial court in overruling its special exception to that portion of appellee's answer setting up the agreement to furnish proofs of cuts and reading matter to the appellees, from which to make selections, before shipping cuts and reading matter, and also to the admission of the testimony offered by the appellees to prove such allegations, because no allegation of fraud, accident, or mistake was made, and such pleading and testimony added to and varied the terms of the written contract, which was complete.

Appellees contend that it was proper for them to plead and prove that a part of the contract rested in parol, if the written contract did not contain all the provisions of the contract between the parties, and, the order failing to provide who should select the advertising matter, it was not necessary to allege fraud, accident, or mistake in order to admit the testimony of which complaint is made; relying on the authorities that hold that, if the writing does not contain all the provisions of an agreement, it is unnecessary

to allege fraud, accident, or mistake, to permit parol evidence as to the real contract.

It will be noted that the contract sued on provides expressly that it is agreed that the Unique Illustrating Company will not be held responsible for any provision not embodied in the written contract. The written order is not ambiguous, and appears on its face to be complete. It is conceded by the appellees that the contract sued on did not provide that the defendants should be furnished proofs of cuts and reading matter from which to select cuts and reading matter they desired to use for advertising purposes. The appellees did not plead total or partial failure of consideration, did not plead as a part of the consideration for the contract that they were to have the privilege of selecting from proofs furnished the advertising matter they desired, and did not plead fraud, accident, or mistake.

In Avery Company of Texas v. Harrison & Co. (Tex. Com. App.) 267 S. W. 254, Judge German, speaking for the Commission of Appeals, says:

"There are no allegations whatever on the part of plaintiffs, nor proof, to the effect that by reason of fraud, accident or mistake, the written contract contained anything not agreed to by the parties, or that any promise, representation or warranty was omitted therefrom. Nor is there any allegation or proof that by any fraudulent representation, artifice, or conduct the parties were induced to sign the contract, or that at the time it was signed they did not know or were prevented from knowing what it contained. Under these circumstances it is plain that defendant was not bound by any promise or representation made by Nordyke and Hamm not contained in the written contract. J. I. Case Threshing Machine Co., v. Manes [Tex. Com. App.] 254 S. W. 929; Bybee v. Embree-Mc-Lean Carriage Co. [Tex. Civ. App.] 135 S. W. 205.

"In the absence of allegations of fraud, accident, or mistake of the nature above indicated, it will be conclusively presumed that the written contract contained the whole agreement of the parties, and parol evidence of representations, statements or warranties not disclosed by the contract was inadmissible. White et al. v. Hager [112 Tex. 516] 248 S. W. 319; Case Threshing Mach. Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; First National Bank of Garner v. Smith [Tex. Civ. App.] 183 S. W. 862."

See, also, J. B. Colt Co. v. Kelly (Tex. Civ. App.) 270 S. W. 942; D. Sullivan & Co. v. Schreiner (Tex. Civ. App.) 222 S. W. 314; Cattleman's Trust Co. v. Beck (Tex. Civ. App.) 167 S. W. 753; Houston Transfer & Carriage Co. et al. v. Williams (Tex. Com. App.) 221 S. W. 1081; Fish Bros. Wagon Co. v. G. F. Adams (Tex. Civ. App.) 146 S. W. 704; Houston Packing Co. v. Griffith (Tex.

Civ. App.) 164 S. W. 431; Phillip-Carey Co. v. Manes (Tex. Civ. App.) 177 S. W. 158.

Under these authorities and the pleadings, the court erred in admitting the testimony complained of.

The testimony indicates that there was a written memorandum, which accompanied the defendants' order, requesting that appellant ship proofs of cuts and reading matter to appellees, in order for them to select such cuts and reading matter as they desired for advertising purposes; but they would not be permitted to testify to the contents of such memorandum without showing that it was lost, mislaid, beyond the jurisdiction of the court, or in some way bringing themselves under the exception permitting oral testimony of what is contained in a written instrument. If appellant had pleaded sufficient facts to constitute an estoppel, no such issue was submitted to the jury, and no such issue was requested. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

The judgment is reversed, and the cause is remanded.