OPPENHEIM v. SWINEHART TIRE & RUBBER CO. OF TENNESSEE. (No. 2346.)

Court of Civil Appeals of Texas. El Paso. Dec. 12, 1929.

Rehearing Denied Jan. 9, 1930.

H. P. Abney, Jr., Wm. H. Flippen, and John T. Gano, all of Dallas, for appellant.

Davis & Hatchell and John Davis, all of Dallas, for appellee.

HIGGINS, J. · Appellee brought this suit against appellant to recover a balance of $986.84, for goods, wares, and merchandise sold and delivered to Jack's Courthouse Service Station from November 8, 1926, to March 19, 1927. Defendant answered, setting up that Jack's Courthouse Service Station was owned and operated by one Jack Fechenback, and he, the defendant, had nothing to do with the purchase of said goods, wares, and merchandise.

In brief, the only issue presented by the pleadings and the evidence is as to the identity of the person doing business under the name of Jack's Courthouse Service Station, whether it was Oppenheim or Fechenback.

Issue No. 1, submitted, reads: "Was A. F. Oppenheim, beginning about July 1, 1926, and ending about August or September 1, 1927, the owner and proprietor of the business known and conducted under the name and style of Jack's Courthouse Service Station, Dallas, Texas?"

Conditional upon a negative answer to the above, the court also submitted issue No. 2, which was not answered, as an affirmative reply was returned to the first issue.

Judgment was rendered in appellee's favor for the amount sued for.

Appellant first complains of the admission of certain testimony of plaintiff's witness Stewart upon the ground that it was hearsay, and the conclusion and opinion of the witness.

As to the hearsay nature of the testimony, no such objection was urged in the lower court and under the settled rule this court cannot consider an objection to evidence not presented in the trial court and so shown by the bill of exceptions. Wheeler v. Railway Co., 91 Tex. 356, 43 S.W. 879.

As to the other objection, we incline to the view that it was not well taken, but in any event the testimony was irrelevant to the only contested issue of fact in the case, and in our opinion could not have affected the jury's finding; therefore the error, if any, in admitting the testimony, was harmless. See cases cited in 1 Michie's Digest, 806, 807.

There was no error in the admission of the financial statement made by appellant and submitted to R. G. Dun & Co. It was the original instrument, was signed by appellant, and clearly competent as an admission against interest.

The third proposition, in effect, is that there is no competent evidence to show any connection between appellant and the business conducted under the name of Jack's Courthouse Filling Station. The statement to R. G. Dun & Co. upon its face is alone sufficient to support the jury's finding upon the issue, and there are other corroborating circumstances shown by the evidence upon the issue.

It is objected the court erred in submitting the issue as to appellant's ownership of the business from about July 1, 1926, to August or September 1, 1927, when the account sued upon covered only items sold between November 8, 1926, and March 19, 1927. The court might with propriety have confined the dates submitted in issue No. 1 to the time between November 8, 1926, and March 19, 1927, but the dates submitted in the issue embraced the time covered by the sales, and therefore no error is shown.

The fourth, fifth, and sixth propositions are for this reason overruled.

The seventh proposition complains of the submission of the second issue. This issue was not raised by the pleadings, and should not have been submitted; but the error in so doing is harmless, for it was not answered, and the judgment is in no wise based thereon. Nor do we see how the submission of such issue could have affected in any wise the finding of the jury upon issue No. 1.

Affirmed.