## UNIQUE ILLUSTRATING CO. v. WITHERS et al.

### No. 3484.

Court of Civil Appeals of Texas. Amarillo.
Nov. 12, 1930.

Rehearing Denied Dec. 3, 1930.

Palmer & Lambdin, of Amarillo, for appellant.

Cleo G. Clayton, of Amarillo, for appellees.

JACKSON, J.

This suit was instituted in the county court of Potter county, Tex., by appellant against the appellees to recover a balance of $479.26, with interest thereon.

The opinion of this court in a former appeal of the case reversing the judgment of the trial court and remanding the cause is reported in 21 S.W.(2d) 350.

In addition to the statement of the pleadings found in the former opinion of this court, the record now before us discloses that the appellant, by an amended supplemental petition, alleged that it had fully complied with all the obligations of the contract and the appellees accepted the advertising matter shipped to them, retained it without any complaint as to shortage, unfitness, defects, or any other cause, and that the acceptance and retention of said goods without any complaint or communication to appellant estops the appellees from alleging as a de-fense any shortage, unfitness, defect, or failure of the goods to meet the contract requirements. The appellant also pleads such facts as a waiver of any obligation on its part to supply reading matter. The appellant specially denied that there was any written instrument of any kind, contract or memorandum, or otherwise that provided that appellant should send the appellees complete lists of proof slips and cuts of reading matter.

That the appellees, by an amended answer, alleged, in addition to the statement found in the former opinion, failure of consideration, that the contract sued on was executed by them upon the condition and with the understanding that it was not to be effective or a delivered instrument unless appellant would furnish the appellees with a complete list of proof slips of the cuts and reading matter to enable the appellees to make their own selection, and that such condition was never performed by the appellant, for which reason the appellees were not bound by the contract. That the written instrument declared on by the appellant was not the whole contract, but that such contract consisted of two separate written instruments. That appellant breached its contract by its failure to furnish appellees the reading matter to go with the cuts. That the cuts without the reading matter were valueless to appellees and could not be used for any purpose.

In response to special issues submitted by the court, the jury found, in substance, that the appellant did not send the appellees the reading matter to go with the cuts; that the appellant agreed to furnish a complete list of proof slips from which appellees could make their selections; that the proof slips were not furnished; that the appellees executed the contract upon the condition that they would be furnished with a complete list of proof slips; that the appellant did not comply with such condition; that the appellees complained to appellant regarding its advertising matter on April 1, 1926; that such complaint was made within a reasonable time; and that appellees were not indebted to appellant in any amount. On these findings the court decreed that the appellant, the Unique Illustrating Company, take nothing by its suit and the appellees go hence without day with their costs, from which judgment this appeal is prosecuted.

The appellant urges as error the action of the trial court in permitting appellees to introduce in evidence purported carbon copies of letters written by appellees to appellant, one dated April 1, 1926, and the other April 20, 1926, the substance of which was to advise appellant that appellees had received cuts without any reading matter and without any proof slips, for which reason the cuts

were returned and requesting that such reading matter and proof slips be sent.

The bill of exception discloses that the purported copies were tendered to counsel for appellant for examination and that a demand was made for the originals, at which time objection was made as follows:

"Mr. Palmer: We object to the introduction of the instrument, Your Honor, because proper predicate hasn't been laid.

"The Court: Yes.

"Mr. Palmer: Well, several reasons. They haven't been identified by the witness, he hasn't said what they are and hasn't said where they were gotten and where they have been since they were supposed to have been written."

The appellee J. T. Withers testified that he wrote the letters to the appellant and sent the originals to it through the mails. That the copies were exactly like they were when written and had never been out of his possession. That he had these copies at a former suit, but they were not introduced in evidence because he could not locate them. That he did not call on the plaintiff to procure the originals and did not notify it to produce the originals.

The specific reasons given by appellant's counsel as to why a proper predicate had not been laid were sufficiently met by the testimony of the witness (Northern Assurance Co. Ltd. of London et al. v. Morrison [Tex. Civ. App.] 162 S. W. 411), and these having been met, the court was not required to consider any objection to the insufficiency of the predicate that was not urged.

In Bohanan v. Hans, 26 Tex. 445, the court says:

"It is said that no predicate was laid for the admission of the 'said transcript'; but what was meant by this objection, does not appear. A party objecting to evidence ought to state his objection clearly and specifically, so that it may be understood by the court, and met and obviated by the opposing party, if it be capable of being removed by the production of other evidence. The objection is too indefinite."

See also Pease v. State ex rel. Sutherland (Tex. Civ. App.) 155 S. W. 657; Schoonmaker v. Clardy (Tex. Com. App.) 244 S. W. 124; Railway Co. v. Sanders (Tex. Civ. App.) 144 S. W. 693.

■The appellate court cannot consider objections to testimony not presented to the trial court and shown by bill of exceptions. Oppenheim v. Swinehart Tire & Rubber Co. of Tennessee (Tex. Civ. App.) 22 S.W.(2d) 991.

We have stated all the objections to the testimony contained in appellant's bills of exception and those urged by it in its motion for a new trial.

■ The trial court adjourned, according to the record, on May 3, 1930. Thereafter, on May 30th, the appellant filed additional assignments of error in which other objections to the admissibility of the purported carbon copies of the letters are urged; but the objections contained in the additional assignments were never called to the attention of the trial court during the trial nor in appellant's motion for a new trial, and do not present fundamental error. Therefore they cannot be considered. Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667; Dallas Tailors' Supply Co. et al. v. Goen (Tex. Civ. App.) 25 S.W.(2d) 224; Sparks v. Saltillo Independent School District (Tex. Civ. App.) 19 S.W.(2d) 814; Baldwin v. Morton et al. (Tex. Civ. App.) 19 S.W.(2d) 948.

■ The appellant urges as error the action of the trial court in permitting the witness J. T. Withers to testify, in effect, that at the time the contract between appellant and appellees was entered into, it was understood and agreed that appellant was to send proof slips immediately, and that in the event the proof slips were not sent, appellees could not use the advertising matter and the contract would be of no effect.

The appellees pleaded that the contract was executed upon the condition that appellant would furnish complete proof slips, which were never furnished, for which reason the contract never became binding on appellees.

A memorandum accompanying the executed contract and constituting a part thereof provided that the first cuts sent should be general and that appellant should send a complete list of proof slips so appellees could make their own selection from month to month after the first two weeks.

■■The law is that a written contract does not become a binding obligation until delivered, and if the delivery is conditional, the written contract does not become a binding obligation until such condition of delivery has been fulfilled. American Slicing Machine Co. v. Vincent (Tex. Civ. App.) 279 S. W. 317.

The appellant's contention presented by assignment that the testimony was insufficient to authorize the court to submit to the jury whether appellees complained within a reasonable time to appellant of its failure to comply with the provisions of the contract is not tenable.

The judgment is affirmed.