BOARD et al. v. EMERSON–BRANTINGHAM IMPLEMENT CO. (No. 7922.)

(Court of Civil Appeals of Texas. Dallas. April 20, 1918. Rehearing Denied May 18, 1918.)

1. CHATTEL MORTGAGES ☞277 — FORECLOSURE — SUPPLEMENTAL PETITION—GENERAL DEMURRER.

A supplemental petition in reply to defendants' answer, in a suit on notes and chattel mortgage on machinery given by the purchaser thereof, *held* sufficient when tested by general demurrer.

2. SALES ☞168½(6)—REMEDIES FOR BREACH —NOTICE.

Where the seller of machinery stipulated in the contract that the buyers must notify it by registered letter of any defects therein within six days of the first use of the engine, the stipulation was reasonable, and the buyers were bound thereby.

3. JUDGMENT ☞256(2)—AUTHORITY OF COURT TO ENTER—SPECIAL VERDICT.

Although the trial judge is required to render judgment in conformity to a special verdict, yet where the verdict finds issues in favor of one or the other party, and it finds facts supported by the evidence which clearly entitle one to a judgment, the court should so render judgment.

4. SALES ☞121 — ACCEPTANCE — TIME FOR RETURNING GOODS—WAIVER OF RIGHT TO RESCIND.

Where the undisputed evidence shows that the defendants used the machinery for several months, after knowing of the defects therein, without offering to rescind, they confirmed the contract of purchase and waived the right to rescind.

5. CHATTEL MORTGAGES ☞79—FRAUD AND DECEIT—EVIDENCE.

Evidence, in a suit upon notes and chattel mortgage given to purchase of machinery, *held*

insufficient to show that fraud or deceit was practiced inducing defendants to sign the contract.

**6. SALES ⊜⇒418(19)—BREACH OF CONTRACT.**

Where the seller of machinery did not agree to pay for labor or repairs thereon, the buyer cannot recover therefor.

**7. SALES ⊜⇒418(19)—BREACH OF CONTRACT—DAMAGES—SPECULATIVE DAMAGES.**

In a suit by seller to recover on notes and chattel mortgage given by buyer for purchase of an engine and plows, the defendant cannot recover damages for breach because of defects in machinery, preventing them from plowing for others; the profits thereof being conjectural and speculative.

**8. SALES ⊜⇒418(19)—BREACH OF CONTRACT—DAMAGES.**

In a suit for price of engine and plows, the buyer cannot recover damages resulting from inability to plow for others due to defects in machinery, where the buyer did not inform the seller at the time of purchase that he expected to plow for others.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by the Emerson-Brantingham Implement Company against S. J. Board and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Ross & Zumwalt and J. H. Synnott, both of Dallas, for appellants. Spence, Haven & Smithdeal, of Dallas, for. appellee.

RAINEY, C. J. Suit was by defendant in error against plaintiffs in error on three promissory notes aggregating $2,000, with interest and attorney's fees, and to foreclose a chattel mortgage on certain machinery for which said notes were executed as shown by a written contract of sale. Plaintiffs in error denied under oath the written contract, and alleged that the machinery was bought upon a verbal contract, and further, pleaded failure of consideration; that defendant in error made certain warranties which had been breached, and further pleaded for damages. In replication defendant in error set up the written contract, and, among other things, that if said machinery failed to comply with the warranties after six days' test plaintiffs in error were to notify defendant in error in writing, which plaintiffs in error failed to do; that said machinery was delivered to plaintiffs in error on April 30, 1915, and accepted and was used by plaintiffs in error, who used said machinery plowing their land and threshing their grain, and exercising the right of ownership over it until December 15, 1915, and they could not now be heard to say that it had not been accepted. The case was submitted to a jury on special issues and answers returned. Both sides moved for judgment thereon, and the court found for defendant in error, from which this appeal is taken.

Conclusions of Fact.

Defendant in error is a dealer in farming implements and plaintiffs in error are farm-

ers. Plaintiffs in error entered into a written contract for certain machinery with defendant in error. When plaintiffs in error called for it defendant in error did not have the kind first ordered, and it would require some time to secure it from the factory. Having other kinds in stock plaintiffs in error agreed to take another kind from that which was first ordered, which was delivered. The notes, mortgage, and contract were all signed and executed, and the plaintiffs in error hauled the machinery home. The machinery purchased was one Big 4–20 Model "D" Gasoline Tractor, and one 2–36–10 Emerson Disc Plow.

Early in May, 1915, the plaintiffs in error tested out the machinery and the discs furnished, which proved unsatisfactory, and defendant in error was notified and others were furnished by it and accepted by plaintiffs in error, who proceeded to use the machinery without any offer to return it and rescind the trade. They plowed 350 or 400 acres of land for themselves and threshed 8,000 bushels of wheat during 1915 without making any offer to defendant in error to return it, and it was laid up on December 15, 1915. After being in plaintiffs in error's possession for twenty days they wrote defendant in error, "Our engine and new plow we got last week are doing fine." Plaintiffs in error knew of the defect in machinery complained of early in May, but continued to use it for their own use until December 4, 1915, when they wrote defendant in error that the tractor had entirely failed and requested defendant in error to repair it.

Opinion.

[1] The first error assigned is to the court overruling the general demurrer to plaintiff's first supplemental petition. Said supplemental petition is in reply to defendants' answer, which answer, in effect, denies the validity of the notes; also setting up agreements between the parties in relation to the purchase of the machinery, false representations made by plaintiff as to the capacity and quality of the machinery, and a breach of the warranties. The said supplemental petition also pleaded the written contract which was signed by both the plaintiff and defendants, and other matters which render it not subject to a general demurrer. There are 15 objections set forth by defendants as reasons why the general demurrer should be sustained, but if any are good there is enough in the supplemental petition to render it not liable to the general demurrer.

[2] Plaintiffs in error complain in their second assignment of error of the overruling of special exception No. 3. "Said paragraph of plaintiff's petition pleads that part of the written contract wherein the defendants are required within six days of the first use of the engine to notify plaintiff by

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

registered letter of defects in said engine; the special exception being that the plaintiff should not be permitted to claim or assert as a matter of defense said provision, for the reason that the limitation shown to be imposed upon defendants with reference to the time within which defendants should discover and make known defects in said engine, and limiting such time to six days, is unreasonable, void, and in contravention of the statutes." There is no error in this ruling of the court, as the validity of said clause in the contract is upheld by our appellate court. Shearer v. Gaar, 41 Tex. Civ. App. 39, 90 S. W. 684; Buffalo Pitts Co. v. Alderdice, 177 S. W. 1044.

[3, 4] The plaintiffs in error's third and fourth assignments complain of the court for not rendering judgment for them on the findings of the jury. The jury found, in effect, that the warranties failed; that defendant in error was notified after six days' use that fraud was practiced upon plaintiffs in error and the consideration for the notes had failed. The jury also found that plaintiffs in error discovered the full extent of the defects of the engine sold them by defendant in error before they ceased to use the same in November, 1915; that plaintiffs in error plowed 350 or 400 acres of land and threshed 8,000 bushels of grain. They further answered in the affirmative the following issue:

"If you find that the defendants plowed any ground and threshed any grain with said machinery in answer to the above question, then state if any of said ground was plowed or any of said grain was threshed after the defendants had learned that the machinery was defective in any of the ways alleged in their answers or testified to by them. Answer: Yes."

While the law requires a trial judge to render a judgment in conformity to a special verdict, yet when the verdict finds issues in favor of one or the other party, and it finds facts supported by the evidence which clearly entitles one to a judgment, the court should so render judgment. Should the trial court, under such circumstances, have declared a mistrial and granted a new trial this court would have the power, under the law, to render such judgment as the trial court should have directed. Henne v. Moultrie, 97 Tex. 216, 77 S. W. 607.

Defendant in error in reply to assignments 3 and 4 submits the two following counter propositions:

"(1) Where vendees of a traction engine use the traction engine in plowing their lands and threshing their grain for a period of more than six months after they had learned of defects in said traction engine, they cannot be heard to say that they have not accepted said traction engine, because the long-continued use of the traction engine by the vendees is utterly inconsistent with the right of rejection, and consistent only with the claim of title and ownership.

"(2) The findings of the jury established the fact that the plaintiffs in error used the engine in threshing their grain and plowing their land for more than six months after they had discovered the alleged defects in the said engine. They cannot now be heard to say that they have not accepted said engine and cannot refuse to pay the purchase price thereof. The court therefore did not err in overruling plaintiffs in error's motion for judgment and in granting defendant in error's motion for judgment."

The evidence shows without dispute, and was so found by the jury, that plaintiffs in error used the machinery for their own benefit for several months, knowing of the defects, without offering to rescind. By thus acting they confirmed the contract of purchase and waived the right to rescind, and this warranted the trial court in directing a verdict for defendant in error. Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; Bancroft v. Implement Co., 194 S. W. 991.

[5] The evidence fails to show any fraud or deceit practiced by defendant in error in procuring the signatures of the plaintiffs in error to the contract relied on by it. Plaintiffs in error both swear that they signed the contract; that there were no misrepresentations made by the defendant in error, nor do they make any legal excuse why they did sign it, and of not knowing its contents.

[6] Defendant in error did not agree to furnish the plaintiffs in error any parts or to pay for labor for the repair of said engine. Therefore funds expended by plaintiffs in error on same and the value of labor in repairing same is not recoverable against defendant in error.

[7] The plaintiffs in error are not entitled to recover for damages on account of not being able to do plowing for other people; such damages claimed being conjectural, speculative, imaginery, and uncertain profits.

[8] It was shown in this case, and so found by the jury, that plaintiffs in error did not tell the defendant in error at the time or before they agreed to purchase said engine that they expected to plow for other people, nor how much land they expected to plow. Mills Co. v. Iron Works, 1 Tex. Civ. App. 683, 22 S. W. 1097; Railway Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642.

The judgment is affirmed.