CURETON, C. J. The opinion of the Commission of Appeals answering certified question adopted, and ordered certified to the Court of Civil Appeals.

---

## FIRST NAT. BANK OF AMARILLO et al. v. RUSH. (No. 303–3618.)

(Commission of Appeals of Texas, Section B. March 7, 1923.)

**1. Costs ☞230—In suit involving intervention, and on appeal judgment affirmed as to plaintiff, but as to intervener reversed in part and affirmed in part, distribution of cost stated.**

Where, in a suit by plaintiff bank against defendant, in which F. intervened, and the bank then sued F. also, in which suit judgment was rendered in favor of defendant on every issue and against the bank on its cross-action against F., and the bank and F. each filed separate supersedeas bond, but filing in the Court of Civil Appeals but one record, and judgment of the Supreme Court affirmed the judgment in so far as it affected the bank, affirmed the judgment as to F. in part and reversed it in part,

*held*, that F., having justified his appeal in the absence of a showing why any of the costs of appeal should be taxed against him, should recover all costs of appeal, and all costs of appeal incurred by the bank alone should be taxed against it, and whatever costs of appeal were incurred by defendant which were in no sense germane to the appeal by the bank should be taxed against defendant, and the bank should not be taxed with any costs incurred by F. alone.

**2. Costs ☞237 — Manner of distribution of costs on appeal by plaintiff and intervener where suit by plaintiff was based upon different cause of action asserted by intervener stated.**

In a suit by a bank against defendant, in which F. intervened, and the bank then sued F. also, but its suit was based upon an entirely different cause of action from that asserted by F. against defendant, in which suit judgment was rendered in favor of defendant on every issue and against the bank on its cross-action against F., and the bank and F. each filed a separate supersedeas bond, but filing in the Court of Civil Appeals but one record, and the judgment of the Supreme Court affirmed the judgment in so far as it affected the bank, affirmed the judgment as to F. in part and reversed it in part, on motion by defendant to retax costs as between plaintiff and defendant, *held* that, as to those costs incurred jointly by F. and bank, defendant and the bank were each primarily liable for all costs incurred by them on appeal, but defendant, having justified his appeal, would be relieved of all costs of appeal, and, plaintiff bank having failed in toto, would primarily be liable for all costs of appeal incurred by it alone or by it in conjunction with F., and defendant would be liable as between it and F. for all costs incurred by the latter, but would be entitled to recover against bank for all costs incurred by it; Rev. St. arts. 2046, 2047, relating to taxing costs, not applying.

**3. Costs ☞241—Where, because of complicated issues in suit, segregation of costs between plaintiff and intervener became impossible, manner of distributing costs stated.**

Where, in a suit by plaintiff bank against defendant, in which F. intervened, and plaintiff then sued F. also, but its suit was based upon an entirely different cause of action from that asserted by F. against defendant, in which suit judgment was rendered in favor of defendant on every issue and against the bank on its cross-action against F., and the bank and F. each filed a separate supersedeas bond, but filed in the Court of Civil Appeals but one record, and the judgment of the Supreme Court affirmed the judgment in so far as it affected the bank, affirmed the judgment as to F. in part, and reversed it in part, and on a motion by defendant to retax costs as between plaintiff and defendant only it became impossible because of the complicated controversies between defendant and F. to segregate the costs of appeal incurred by defendant and bank jointly, an equitable distribution of those costs will be decreed, so that plaintiff and defendants will share them

---
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes

equally; Rev. St. arts. 2046, 2047, relating to taxing costs not applying.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

On motion to retax costs. Motion granted. For former opinion, see 246 S. W. 349.

McCLENDON, P. J. Defendant in error has filed a motion to retax the costs as between her and plaintiff in error, First National Bank of Amarillo. No question is raised concerning the costs as between defendant in error and plaintiff in error, Fuqua. The prayer is that the bank be taxed with all costs of the transcript, and at least one-half of any other costs incurred in the cause. We are not favored with any brief upon the subject by either party. From such investigation as we have been able to give to this matter we have reached the conclusions stated below.

[1] The suit was brought by the bank against J. W. Rush upon a promissory note, and to foreclose a lien upon certain collateral. Later the bank amended and asked judgment also for the amount of an overdraft of J. W. Rush. Fuqua intervened, and asserted partnership in a cattle transaction and partnership in a land transaction, and prayed for an accounting. The bank also sued Fuqua for overdraft. The issues in the case were considerably involved, the pleadings were voluminous, and the statement of facts unusually large. It would be impractical, if not impossible, to segregate the portions of the record which relate only to the controversies between defendant in error and Fuqua. The judgment of the trial court was in favor of defendant in error on every issue, and against the bank upon its cross-action against Fuqua. The bank and Fuqua each filed a separate supersedeas bond, filing in the Court of Civil Appeals, however, but one record. The judgment of the Supreme Court, upon recommendation of the Commission, affirmed the trial court's judgment in so far as it affected the bank, affirmed the trial court's judgment as to Fuqua upon the cattle partnership transaction, and reversed and remanded, with instructions, the judgment upon the land partnership transaction. Fuqua having justified his appeal, and there being no showing why any of the costs of appeal should be taxed against him, we think clearly he should recover all costs of appeal. We also think that all costs of appeal incurred by the bank alone should be taxed against it, and whatever costs of appeal were incurred by defendant in error which were in no sense germane to the appeal by the bank should be taxed against defendant in error. The bank should not be taxed with any costs incurred by Fuqua alone. Railway v. Enos, 92 Tex. 577, 50 S. W. 928.

[2] The only question which seems to present difficulty is the disposition to be made of that portion of the costs which were involved both in the appeal of the bank and the appeal of Fuqua, such as the record on appeal and the statement of facts. If the suit had been upon one cause of action, and judgment had been rendered against both the bank and Fuqua, and on appeal the judgment against Fuqua had been reversed and that against the bank had been affirmed, then we think the bank would properly have been chargeable with all the costs of appeal except those incurred by Fuqua alone. Hopson v. Murphy, 4 Tex., 248. But a different question is presented where the suit of the bank was upon an entirely different cause of action from that asserted by Fuqua, and in such case we think the proper rule is to make an equitable adjustment of the costs of appeal between the bank and defendant in error. We know of no statute in this state regulating the matter of taxing costs of appeal except the provisions under the head of practice in the county and district courts. R. S. arts. 2046, 2047. It is doubtful whether these articles have application to appeals in the Court of Civil Appeals and Supreme Court. In the case of Railway v. Bowles, 88 Tex. 634, 32 S. W. 880, Associate Justice Brown uses this language:

"We find no provision of the statute which directs the manner in which the Court of Civil Appeals shall adjust the costs accruing in that court; and while it is usual, in case the amount of the judgment of the District Court is reduced by the judgment of the Court of Civil Appeals, to award the costs of that court against the appellee, we do not think the court erred in this instance in not doing so."

In that case the judgment against two railroads jointly for the sum of $10,000 by the Court of Civil Appeals was modified so as to assess $5,000 against each appellant. This action of the Court of Civil Appeals was not assigned in the Supreme Court, and consequently was not disturbed, but in passing on the question of costs the Supreme Court held that the trial court's judgment was proper, and therefore declined to disturb the judgment of the Court of Civil Appeals in taxing the costs against the appellants. But, even if articles 2046 and 2407 should be held to apply to the appellate courts, as was held in Cannon v. Hemphill, 7 Tex. 184, with reference to a similar statute, we do not think those articles would affect the case before us. In construing the earlier statute (P. D. art. 1483) it was held that it extended only to cases in which the entire judgment is in favor of one of the parties, and not where there is only partial recovery. Cannon v. Hemphill, above.

[3] In the present case, both Rush and the bank, having appealed, were each pri-

marily liable for all the costs incurred by them on appeal. Rush, having justified his appeal, would be relieved of all costs of appeal. The bank, having failed in toto, would primarily be liable for all costs of appeal incurred by it alone or by it in conjunction with Fuqua. Defendant in error would be liable as between it and Fuqua for all costs incurred by the latter, but would be entitled to recover against the bank for all the costs incurred by it. Since there is no way of segregating the costs of appeal incured by Fuqua and the bank jointly, we think an equitable distribution of those costs would be to divide them equally, in which event the bank should be taxed with one half and defendants in error with the other.

We therefore conclude that the motion should be granted and the costs of appeal taxed as follows: Against defendant in error to the extent of all costs incurred by, Fuqua alone, all costs incurred by defendant in error which were not germane to the appeal of the bank, and one-half of all costs incurred jointly by Fuqua and the bank; against the bank to the extent of all costs incurred by it alone, and one-half of all costs incured by it and Fuqua jointly.