**J. I. CASE THRESHING MACH. CO. v. MANES.  (No. 454–3841.)***

(Commission of Appeals of Texas, Section A. Oct. 10, 1923.)

**1. Pleading ⬥90—Answer held a plea of waiver of fraud as well as of breach of warranty.**

Where the complaint in action to rescind purchase of automobile alleged fraud in one count and breach of warranty in another count, an answer averring that plaintiff kept the automobile for about nine months without giving notice of breach of warranty, and without giving defendant an opportunity to comply with the terms of the warranty, constituted a plea of waiver of all right to rescind, not only for breach of warranty, but also for fraud; although such allegations in the answer were incorporated in paragraphs dealing particularly with matters pertaining to the warranty.

**2. Principal and agent ⬥104(2)—Where written contract excludes warranties not contained therein, no liability accrues on oral warranties by agent.**

Where plaintiff, buyer of an automobile, received a copy of an accepted written order, stating that defendant automobile company was not responsible to a purchaser for any promise or warranty made by any representative beyond those expressed in the order, and that no other representation beyond those expressed in the order had been made, defendant was not bound by any other representation made by its local dealer.

**3. Appeal and error ⬥931(3)—Presumption that necessary findings made.**

Where it does not appear that a necessary finding was made it will be presumed that it was made.

**4. Sales ⬥267—Written warranty precludes reliance upon implied warranty.**

Where there is a written warranty, an implied warranty cannot be relied upon.

**5. Sales ⬥121—Right to rescind for breach of warranty held waived by use and failure to give notice of breach.**

Any right of buyer to rescind purchase of an automobile for breach of warranty was waived by him, where he used the car from March until the following January, without giving notice of any breach of warranty, or giving seller opportunity to comply with the warranty.

**6. Appeal and error ⬥1047(3)—Refusal to strike immaterial testimony held not reversible.**

Failure to strike out testimony having no important relation to the main issue in the case *held* not reversible error.

**7. Costs ⬥32(1)—Recovery by plaintiff of less than minimum jurisdiction of court, held not "good cause" for adjudging all costs against plaintiff.**

While under Rev. St. art. 2048, the court may, for good cause to be stated in the record, adjudge the costs otherwise than provided in article 2035, allowing the successful party to recover all costs incurred, it was error to adjudge all costs against plaintiff, because his recovery was less than the minimum jurisdiction of the court; such reason not being "good cause;" but plaintiff should recover all costs against defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Cause.]

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Appeal and error ⊜984(1)—Costs ⊜32 (1)—What is "good cause" largely in discretion of court.**

What is good cause in adjudging costs, rests largely in the sound discretion of the court, and unless there is abuse of discretion, its judgment will not be disturbed.

**9. Appeal and error ⊜948 — Whether trial court abused discretion in adjudging costs, appellate court confined to reason stated in record.**

In determining whether the trial court abused its discretion in adjudging costs against a partially successful plaintiff, an appellate court is confined to a consideration of the reason stated on the record.

**10. Costs ⊜241—Rule of equitable apportionment of costs on appeal applied.**

In a suit to rescind a contract, the right of rescission was denied in the court below, although a money judgment in a small sum for breach of warranty was rendered in plaintiff's favor; and costs were taxed against plaintiff. Plaintiff's appeal was primarily from a denial of rescission, and his complaint with reference to costs was only incidental. On appeal his main contention was not sustained, but judgment against him for costs was reversed. *Held* that, Rev. St. art. 2046, being inapplicable, and there being apparently no statutory provisions for taxing costs, the rule of equitable apportionment of costs incurred on appeal should apply, and costs on appeal should be taxed one-half to each party.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by O. B. Manes against the J. I. Case Threshing Machine Company. Judgment for plaintiff for less relief than demanded was reversed and rendered by the Court of Civil Appeals (241 S. W. 757), and defendant brings error. Judgment of Court of Civil Appeals reversed and judgment of district court affirmed, except as to costs.

Spence, Haven & Smithdeal, of Dallas, for plaintiff in error.

Snodgrass & Dibrell, of Coleman, for defendant in error.

GERMAN, J. This suit was filed in the district court of Coleman county, Tex., February 8, 1916, by O. B. Manes, designated herein as plaintiff, who undertook to rescind a contract for the purchase of an automobile, to cancel unpaid purchase notes, and to recover money paid. There have been two trials. The last trial was upon a third amended original petition. This petition contained three counts as a basis of recovery. The first count set out certain representations, claimed by plaintiff to have been made by one Joe Evans, as agent of the J. I. Case Threshing Machine Company, referred to here as defendant, and claimed by plaintiff to have been false and fraudulent, by reason of which he was induced to make the contract for the purchase of the automobile, and but for which he would not have executed the contract. He also sought to recover under a written warranty contained in the contract, and upon an implied warranty. Defendant answered by general denial, and specially pleaded that Evans was an independent dealer and had no power or authority to make the representations and promises alleged to have been made, and that the written contract furnished all of the terms of the agreement, as well as the only warranty which could be binding upon defendant. Defendant further alleged that plaintiff, by reason of his written contract, obtained possession of the automobile, and applied the same to the use of himself and family from March, 1915, to January, 1916, without giving notice of any breach of the warranty, and without giving defendant an opportunity to comply with the terms of the warranty as set out in the contract; and that thereby plaintiff had lost all right, if any, he ever had to rescind the contract.

The case was submitted to a jury upon 45 special issues. All issues with reference to representations made by Joe Evans to plaintiff were answered by the jury favorable to plaintiff. These answers clearly entitled plaintiff to recover under the first count in his petition, provided Evans had authority to bind defendant by such representations, and provided plaintiff had not lost his right to rescind. All issues with reference to warranty, that is, as to defects in the automobile on account of material or workmanship, were answered favorable to the defendant. The jury also found that such defects as did develop within 90 days (the period covered by the warranty) were due to use of the car, and could be corrected at an expenditure of $30. In answer to special issue No. 39 the jury found that the plaintiff, after having knowledge of the defects in the car, continued to use the same for his own purposes for an unreasonable length of time before tendering it back to defendant. The jury further found that the difference between the value of the automobile at the time it was received and as it should have been under the written contract was $30.

On these findings the trial court denied plaintiff a rescission of the contract of purchase, but awarded him judgment against defendant for $30. However, all costs of suit were taxed against plaintiff, the court stating as a reason therefor that the recovery by plaintiff was less than the minimum jurisdiction of the court.

The Court of Civil Appeals for the Third District at first affirmed the judgment of the trial court, but, on motion for rehearing, reversed and rendered judgment in favor of plaintiff Manes for a rescission of the contract and recovery of the purchase money paid for the automobile. 241 S. W. 757.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The Court of Civil Appeals reversed and rendered the judgment of the trial court upon the proposition that as defendant had pleaded waiver only to that count in the petition alleging breach of warranty and had not pleaded waiver to the count alleging fraud and misrepresentation, under the findings of the jury as to misrepresentations made by Joe Evans, plaintiff was entitled to a rescission, although the jury found in favor of defendant on the plea of waiver. We are unable to agree with the honorable Court of Civil Appeals as to construction placed on defendant's pleadings with reference to waiver. The pleading set out in detail the things which it was claimed plaintiff did with reference to the car, and his acts, in our opinion would constitute a waiver of all right to rescind the contract, either on account of fraud and misrepresentation, or breach of warranty; although defendant, in its answer, incorporated these allegations in paragraphs dealing particularly with matters pertaining to the warranty. However, under a proper conception of the case this objection with reference to pleading is wholly immaterial.

The written order, among other things, contained these provisions:

"The company is not responsible to the purchaser for any undertakings, promises or warranties made by their representatives beyond those expressed herein.

"The undersigned hereby acknowledges to have received a full, true, and correct copy of this order, and that no promises, representations, or agreements have been made not herein contained.

"No branch house manager, salesman, expert, or local dealer, unless authorized in writing by an officer of the company, has any authority to waive, alter, or enlarge this contract, or to make any new or substituted or different contract representation or warranty."

[2] It is undisputed that J. W. Evans & Co., who received and forwarded plaintiff's order for the automobile, were local dealers, who had no authority to bind defendant by any agreement, promise, or warranty other than those contained in the written order. Before the contract was binding it had to be accepted by the company at its home office in Racine, Wis. Notice of acceptance was sent direct to plaintiff, and he admitted that he received and retained a copy of the order. The company had no notice or knowledge of statements made by Evans in his efforts to obtain the order. There is no finding that plaintiff was induced to sign the contract by fraud or deceit.

In view of this written contract and its clear provisions it is manifest that defendant company was not bound by any promise, agreement, or representation made by Evans & Co. Bybee v. Embree-McLean Carriage Co. (Tex. Civ. App.) 135 S. W. 205; Blackstad Mercantile Co. v. Porter (Tex. Civ. App.) 158 S. W. 216; Clark & Schaeffer v. Gaar-Scott & Co. (Tex. Civ. App.) 163 S. W. 681.

[3] No issue was submitted or requested with reference to the authority of Evans & Co. to bind defendant by the statements alleged to have been made. In view of the plain condition of the written contract, no finding was necessary; but, if it were necessary, it will be presumed that the trial court made the necessary finding.

Plaintiff having no right to recover under his first count, it is wholly immaterial whether the plea of waiver related to this count or not.

[4] There being a written warranty, plaintiff could not rely upon an implied warranty. J. I. Case Threshing Mach. Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; Fetzer v. Haralson (Tex. Civ. App.) 147 S. W. 294.

[5] Plaintiff having no right to a rescission, his remedy was to exercise his rights under the warranty according to its provisions. If he ever had a right to rescind under the warranty provisions of the contract, he certainly waived it. Board v. Emerson-Brantingham Implement Co. (Tex. Civ. App.) 203 S. W. 421; Bancroft v. Emerson-Brantingham Implement Co. (Tex. Civ. App.) 194 S. W. 991.

The warranty clause of the contract is as follows:

"It is mutually understood that this automobile is warranted for 90 days from date of delivery, this warranty being limited to the replacement in the factory of all parts giving out under normal service in consequence of defect of material or workmanship."

The jury found that to replace all parts which proved to be defective during the 90 days on account of material and workmanship the cost would be $30. This was the measure of liability under the warranty. However, the jury further found that the difference in the value of the automobile as it was at the time received, and as it should have been under the contract was $30, and under this theory the recovery was limited to that amount.

[6] In the Court of Civil Appeals, plaintiff (who was appellant there) presented numerous assignments of error to the action of the trial court in failing to strike from the record certain testimony. We have examined each of these assignments, and find that the testimony complained of had but little relation, if any, to the main issues necessary to a disposition of the case under the theory we have adopted for its decision. As shown above, the real issue was the extent of plaintiff's recovery under the limited warranty of his written contract, and the testimony complained of has no important relation to this issue. We think, therefore, there was no error in refusing to strike out the objectionable

testimony, and especially no error authorizing a reversal of the judgment.

[7] Plaintiff complains of the action of the trial court in adjudging against him all costs of the suit, he having obtained a judgment in the sum of $30, and the defendant not being awarded any affirmative relief. We have concluded that this assignment should be sustained.

Article 2035 of the statutes provides that the successful party to a suit shall recover all costs incurred, except where it is otherwise provided by law. The exception which is applicable here is in article 2048, which reads thus:

"The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter."

[8] As heretofore pointed out, the reason stated by the trial court on the record for adjudging the costs against plaintiff was because "the recovery by plaintiff was less than the minimum jurisdiction of the court." We are not unmindful of the rule that what is "good cause" rests largely in the sound discretion of the court, and, unless there is abuse of this discretion, we would not be authorized to disturb its judgment. We also recognize the rule that where judgment is in part for one party and in part for another party, it is not uncommon to apportion the costs. However, it is doubtful whether article 2048 was intended to furnish this rule. Wheatley v. Griffin, 60 Tex. 214.

[9] In determining whether or not the trial court has abused its discretion, we are confined to a consideration of the reason stated on the record, and none other. We do not think the mere statement that the recovery of plaintiff, being less than the minimum jurisdiction of the court, standing alone, is "good cause" for rendering judgment against plaintiff for all costs, where he has made some recovery on his alleged cause of action. To so hold would be to authorize the trial court to award judgment against the plaintiff for costs in all cases where he failed to recover a sum equal to the minimum amount prescribed as fixing the jurisdiction of the court. Of course, such a reason as that stated here could be a good one, if supported by a further statement showing why it is applicable to the particular case, and particularly if it

were made to appear that the plaintiff had knowingly and wrongfully invoked the jurisdiction of the court. We are inclined to think that there are equitable reasons why the court should have awarded judgment against plaintiff for the costs in this case, but those reasons are not in line with the one stated by the court, and cannot be looked to in support of the judgment. The reason given by the trial court for this action, unaided by some explanatory statement, cannot, we think, be said to be one originating in the exercise of a sound discretion, and for that reason we feel justified in holding that it is not "good cause."

[10] We think the trial court erred in rendering judgment against plaintiff for costs, accepting the statement in the record as a reason therefor. However, we think the rule of apportionment should be applied to the costs incurred on appeal, and each party should pay one-half thereof. It is manifest that the main purpose of this appeal on the part of plaintiff was to get relief from the judgment of the trial court denying him a rescission of his contract, and the complaint with reference to costs is only incidental thereto. In his main contentions he has not been sustained. There was no money judgment against him in the lower court, but one in his favor, and we do not think that article 2046 of the statute would have application. It seems there is no statutory provisions for taxing costs in the Court of Civil Appeals and the Supreme Court, and we think the rule of equitable apportionment should apply. Cannon v. Hemphill, 7 Tex. 184. See, also, Bank v. Rush (Com. of App.) 249 S. W. 183.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be affirmed, except in so far as it adjudges the costs against plaintiff; that judgment be rendered in favor of plaintiff for all costs of the trial court, and it be ordered that each party pay one-half of the costs of the Court of Civil Appeals and the Supreme Court.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed and that of the district court affirmed, except as to costs; the costs to be taxed as recommended by the Commission of Appeals.