## MARKHAM IRR. CO. v. BROWN.
(Motion No. 7688. No. 754–4712.)

Commission of Appeals of Texas, Section B.
June 25, 1927.

Costs ⬤⟹241—Where both parties appealed, and judgment was reversed as to both, costs should be adjudged equally against both.

Where both parties appealed from judgment which was reversed and remanded as to both parties, costs should be adjudged equally against both parties.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the Markham Irrigation Company against Sig Brown, in which defendant filed cross-action. Judgment of the district court was affirmed by the court of Civil Appeals (286 S. W. 574), and both parties brought error, after which the Commission of Appeals reversed the judgment and remanded the cause to the district court (292 S. W. 863). On motion to retax costs. Motion granted.

John W. Gaines, of San Antonio, and C. R. Wharton and S. H. German, both of Houston, for plaintiff in error.

Kelley & Hawes, of Wharton, and Styles, Krause & Erickson, of Bay City, for defendant in error.

SHORT, J. The defendant in error, Sig Brown, in a motion filed, asks that the judgment rendered in this case as to costs be set aside, and that judgment be entered taxing one-half of the costs against plaintiff in error and one-half against the defendant in error. The motion contains a correct statement of the facts as shown by the record, and is as follows:

"Defendant in error shows to the court that the judgment of the district court of Matagorda county Texas was against the plaintiff in error on its suit for the recovery of one-fifth (⅕) of the rice crop grown by the defendant, Sig Brown, and in favor of said defendant on that branch of the case; but was also against the defendant, Sig Brown, on his cross-action for damages against the plaintiff in the sum of $22,275, that both the plaintiff, Markham Irrigation Company, and the defendant, Sig Brown, appealed to the Court of Civil Appeals, in which court said judgment was affirmed.

"That both the appellant, Markham Irrigation Company, and the appellee, Sig Brown, made application to this court for writ of error, which was granted, and this defendant was before this court in the attitude of both plaintiff in error and defendant in error; that this court reversed and remanded this cause both as to the judgment rendered against the plaintiff in error and as to the judgment rendered against the defendant in error, the cause of action on defendant's cross-action and for which a reversal was obtained amounting to more than four times as much as the cause of action in behalf of the plaintiff in error."

Upon a consideration of the grounds of the motion, and facts as stated therein we are of the opinion that the costs ought to be adjudged equally against both parties, and that the judgment heretofore rendered should be reformed so as to require the costs to be divided equally. Continental State Bank of Beckville v. Trabue (Tex. Civ. App.) 150 S. W. 209; First National Bank v. Rush (Tex. Com. App.) 249 S. W. 183; J. I. Case Threshing Machine Co. v. Manes (Tex. Com. App.) 254 S. W. 929.

We therefore recommend that the judgment heretofore entered in respect to the costs to be set aside, and that judgment be entered taxing one-half the costs incurred in all the courts against the plaintiff in error, and one-half against the defendant in error, and that in all other respects the judgment heretofore entered in this case be undisturbed.